UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HINDS INVESTMENTS LP, AND THOMAS F. HINDS,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>WILLIAM GREGORY, MELVIN SHANGLE, ANTHONY J. BATOR JR., THU X. HUNYH, BAN T. HUNYH, AND COOPER INDUSTRIES LTD,<br><br>　　　　　　　Defendants. | Civil No.  07-CV-848-JLS(WVG)<br><br>ORDER DENYING EX PARTE APPLICATION FOR CONTINUANCE OF PRETRIAL DEADLINES<br><br>(Doc. No. 109) |

In one of the oldest cases on the Court's docket, Plaintiffs again request that all pending pretrial deadlines be extended for another eight or so months so that they may have a <u>better</u> handle on damages. (Doc. No. 109.)  For the reasons below, Plaintiffs' request is DENIED.

Federal Rule of Civil Procedure 16(b)(4) requires a showing of good cause to modify a pretrial scheduling order.  "Good cause" exists if a party can prove the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." <u>Johnson v. Mammoth Recreations</u>, 975 F.2d 604, 609 (9th Cir. 1992) (citing

1  Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment));
2  Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).
3  However, if the party seeking modification was not diligent in his
4  or her pretrial preparations, the inquiry should end there and the
5  measure of relief sought from the Court should not be granted.
6  Zivkovic, 302 F.3d at 1087. The party seeking to continue or extend
7  the deadlines bears the burden of proving good cause. See id.;
8  Johnson, 975 F.2d at 608.
9     The Court entered the original scheduling order on July 2,
10 2008. (Doc. No. 57.) Various factors weigh in on the Court's
11 denial.[1] First, this case is one of the oldest cases on the Court's
12 docket. Second, the Court has previously allowed *five* amendments of
13 its scheduling order. Specifically, deadlines were extended on
14 December 16, 2008; March 9, 2009; July 30, 2009; November 30, 2009;
15 and September 10, 2010. (Doc. Nos. 61, 65, 83, 97, 108.) Third,
16 there is no explanation why the "Pilot Study" is being conducted now
17 and after the case has been active for nearly four years. In other
18 words, there is no showing of diligence or excuse for the delay.
19 Finally, Plaintiffs' explain that the Pilot Study will help them
20 *better* understand their damages, which implies that Plaintiffs have
21 a current understanding of their damages but are on a quest for a
22 perfect understanding, an unattainable goal. Even if a "better"
23 understanding can be achieved, there is no explanation as to why
24 Plaintiffs have not acquired sufficient understanding of their
25 damages by this point in the litigation. The uncertain utility of
26
27  [1] The undersigned has also consulted The Honorable Janis L.
       Sammartino, before whom the pretrial conference is currently set and
28     whose consent is naturally required to move that conference. Judge
       Sammartino agrees that the pretrial deadlines should not again be
       extended.

the Pilot Study does not justify another significant delay in this case.  Plaintiffs' motion is DENIED.

IT IS SO ORDERED.

DATED:  March 1, 2011

                                           Hon. William V. Gallo
                                           U.S. Magistrate Judge